STATE OF CONNECTICUT *v.* WILLIAM A. CYRTA
(AC 28114)

DiPentima, Harper and Berdon, Js.

Argued March 18—officially released May 13, 2008

*Christopher Y. Duby,* for the appellant (defendant).

*Eileen F. McCarthy,* senior assistant state's attorney, with whom, on the brief, were *David I. Cohen,* state's attorney, and *Michael A. DeJoseph,* assistant state's attorney, for the appellee (state).

*Opinion*

BERDON, J. The defendant, William A. Cyrta, appeals from the judgment of conviction, rendered after a jury trial, of assault of a peace officer in violation of General Statutes § 53a-167c (a) (1). On appeal, the defendant claims that the evidence adduced at trial was insufficient to establish that his actions caused the injury sustained by one of the police officers involved with his arrest. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. At approximately 6:45 a.m. on November 9, 2004, four uniformed state police troopers, David Febbraio, Jose Orama, John Jacobi and Wayne Rogalski, were having breakfast at the Diamond Deli, a restaurant located in Norwalk. Shortly before 7 a.m., the defendant, who recently had lost his job, entered the deli, purchased a cup of coffee and began to shout and scream about the United States' immigration policies. The defendant shouted at the troopers and demanded that they return illegal immigrants to their country of origin. Orama, who remained seated at his table, informed the defendant that his behavior was inappropriate and asked the defendant to leave the deli. The defendant complied with this request. Approximately five minutes later, the defendant drove his car back into the deli's parking lot and parked it in front of the deli's front door, thereby obstructing the flow of traffic in the crowded lot. The defendant exited his car and reentered the deli, where he began to scream and yell about the presence of immigrants. The defendant walked to the troopers' table, slapped his fist on the table and shouted profanity.

The troopers, who were concerned that the defendant's conduct could turn violent, concluded that some course of action was necessary. Orama and Febbraio subsequently stood up at their table and Orama

attempted to calm the defendant down by asking him what was wrong and informing him that the deli was not the appropriate forum for such behavior. The defendant again left the building but continued to shout profanity as he walked outside. The troopers left their table and followed the defendant out of the deli. With Febbraio standing nearby, Orama approached the defendant and asked him if he had a problem. The defendant responded by taunting Orama. The defendant then informed the troopers that he was going to leave the parking lot. Orama asked the defendant to remain where he was. The defendant ignored Orama and opened the driver's side door of his vehicle. Orama, who was holding a cup of hot coffee, reached for the car door, and the defendant put his hand on Orama's chest and pushed him away. Orama informed the defendant that he was under arrest for breach of the peace.

After the defendant began to struggle with the troopers, Febbraio attempted to subdue him by putting him in an "arm bar" position, which consisted of grabbing the defendant's right arm, raising it behind the defendant's back and pushing the defendant up against the defendant's car. The defendant, who was much larger than Febbraio, continued to struggle. At this point, Jacobi shouted that he was prepared to dispense pepper spray. After another warning, Jacobi released pepper spray. The majority of the pepper spray landed in Febbraio's face, and the defendant turned around and put Febbraio in a "bear hug" by wrapping his arms underneath Febbraio's arms and across his chest. The defendant pulled Febbraio upward and Febbraio screamed out in pain as his left upper arm bone dislocated from his shoulder socket.

After Febbraio's shoulder was dislocated, the defendant lowered his grasp to Febbraio's waist. The two men continued to struggle and fell to the ground, where the defendant fell on top of Febbraio. In an attempt to

get the defendant off him, Febbraio used his right fist to punch the defendant. The other troopers were then able to pull the defendant off Febbraio. The defendant was arrested, and Febbraio was taken to Norwalk Hospital via ambulance, where X rays revealed a severe dislocation of his left shoulder and a spiral fracture on the outer top portion of his right hand. The dislocated shoulder was reset in the emergency room, and a hand surgeon repaired the fractured hand.

The jury found the defendant guilty of assaulting Febbraio, a peace officer, and the court sentenced the defendant to ten years incarceration, execution suspended after six years, and five years probation. This appeal followed.

The defendant claims on appeal that there was insufficient evidence to support his conviction of assault of a peace officer. Specifically, the defendant argues that the evidence was insufficient to prove beyond a reasonable doubt that Febbraio was injured by any of the defendant's actions. We disagree.

As a preliminary matter, we note that the defendant's claim of evidentiary insufficiency is reviewable even if it may not have been properly preserved at trial. "Unpreserved sufficiency claims are reviewable on appeal because such claims implicate a defendant's federal constitutional right not to be convicted of a crime upon insufficient proof. . . . Our Supreme Court has stated that *Jackson* v. *Virginia*, [443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)], compels the conclusion that any defendant found guilty on the basis of insufficient evidence has been deprived of a constitutional right, and would therefore necessarily meet the four prongs of [*State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989)]. . . . Thus . . . there is no practical reason for engaging in a *Golding* analysis of a claim

based on the sufficiency of the evidence . . . ." (Internal quotation marks omitted.) *State* v. *Sam*, 98 Conn. App. 13, 32 n.17, 907 A.2d 99, cert. denied, 280 Conn. 944, 912 A.2d 478 (2006). We will review the defendant's challenge to the sufficiency of the evidence as we do any properly preserved claim.

"The standard of review we apply to a claim of insufficient evidence is well established. . . . [W]e apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [jury] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Ramirez*, 107 Conn. App. 51, 62, 943 A.2d 1138 (2008). "In conducting our review, we are mindful that the finding of facts, the gauging of witness credibility and the choosing among competing inferences are functions within the exclusive province of the jury, and, therefore, we must afford those determinations great deference." (Internal quotation marks omitted.) *State* v. *Leggett*, 94 Conn. App. 392, 398, 892 A.2d 1000, cert. denied, 278 Conn. 911, 899 A.2d 39 (2006).

Pursuant to § 53a-167c (a), to prove assault of a peace officer, the state must establish beyond a reasonable doubt that the defendant "with intent to prevent a reasonably identifiable peace officer . . . from performing his or her duties, and while such peace officer . . . is acting in the performance of his or her duties . . . causes physical injury to such peace officer . . . ." General Statutes § 53a-167c (a); see also *State* v. *Casanova*, 255 Conn. 581, 592, 767 A.2d 1189 (2001).

At trial, Febbraio testified that he felt his left arm dislocate from his shoulder immediately after the defendant put him in a bear hug. Febbraio testified that when

he felt the dislocation, he experienced pain. Febbraio further testified that he could not use his left arm until after he received treatment at Norwalk Hospital. The jury also heard from Orama, Jacobi and Rogalski, who corroborated Febbraio's testimony regarding the struggle with the defendant.

Construing the evidence in a light most favorable to sustaining the verdict, we conclude that the jury reasonably could have found that the defendant was guilty beyond a reasonable doubt of assaulting a peace officer. The jury had ample evidence before it from which it could conclude that the defendant's actions were a proximate cause of Febbraio's injuries. To the extent that the defendant asks us to conclude that the administration of pepper spray was an efficient, intervening cause that produced Febbraio's injuries and that his own volitional conduct, therefore, was not a proximate cause of these injuries, our Supreme Court has cautioned that "[i]n reviewing a sufficiency of the evidence claim . . . we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict of guilty." (Internal quotation marks omitted.) *State* v. *Silva*, 285 Conn. 447, 459, 939 A.2d 581 (2008).

The judgment is affirmed.

In this opinion the other judges concurred.